UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GREGORY RALPH ROBERTSON,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:15-cr-00033-TL<br><br>ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE |

　　　This matter comes before the Court on Defendant Gregory Ralph Robertson's motion to seal Defendant's letter to the Court (Dkt. No. 123). Having reviewed the relevant record, the Government's response (Dkt. No. 126), and the governing law, the Court DENIES the motion.

　　　In brief, Defendant filed a motion to seal a letter he wrote to the Court in which he raised concerns with an occurrence in the courtroom during a hearing. Dkt. No. 124-1 at 2. The only motion before the Court is Defendant's motion to seal. The Government responded with an

ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE - 1

explanation of the events as Government Counsel remember them and deferred to the Court on the motion to seal.

As an initial matter, there is a strong presumption of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Local Criminal Rule 55(c) requires a motion to seal to "set forth a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations when necessary." CrR 55(c).

The instant motion includes scant reasoning to justify a denial of public access, providing a single, conclusory sentence regarding the interests warranting sealing and no information as to why, for example, redacting portions of the letter would be insufficient. *See* Dkt. No. 123. The Court is unable to determine which parts of the letter Defendant believes contain "sensitive personal information," let alone why the allegations should warrant sealing. *Id.* In short, Defendant has not complied with Local Criminal Rule 55(c).

For the above reasons, the Court DENIES the motion to seal (Dkt. No. 123) WITHOUT PREJUDICE. Defendant has leave to re-file his motion in accordance with this Order **within seven (7) days (*i.e.*, by March 16, 2023)**.

The Clerk is DIRECTED to keep Dkt. No. 124 under seal pending receipt of further instructions from the Court. Failure to timely re-file the motion to seal will result in the unsealing of the document.

Dated this 9th day of March 2023.

Tana Lin
United States District Judge